[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13508

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00272-CV-ODE-1

GEORGE MARK TUGGLE,

                                                        Plaintiff-Appellee,

        versus

VICTOR HILL, Clayton County Sheriff
in both his official and individual capacities,
JOANN BORELLI, Deputy Sheriff,

                                                        Defendants-Appellants.

_____

Appeal from the United States District Court
Northern District of Georgia

_____

(**June 4, 2008**)

Before CARNES and MARCUS, Circuit Judges, and BUCKLEW,* District Judge.

_____

*Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida,
sitting by designation.

PER CURIAM:

This is an appeal of the district court's determination, on summary judgment, that the Appellants, Sheriff Victor Hill and Deputy Sheriff Joann Borelli, were not entitled to assert the defense of qualified immunity. The standard of review from a district court's denial of summary judgment is *de novo*. Kingsland v. City of Miami, 382 F.3d 1220, 1225 (11th Cir. 2004).

The district court found that Appellants were not entitled to assert the defense of qualified immunity, and therefore were not entitled summary judgment on any of Appellee George Mark Tuggle's claims. Appellee's complaint asserted three claims against Appellants: false arrest in violation of the Fourth Amendment, malicious prosecution in violation of the Fourth Amendment, and retaliatory prosecution in violation of the First Amendment. The only issue before this Court is the district court's decision denying Appellants' motion for summary judgment on the Fourth Amendment claims for false arrest and malicious prosecution.

The facts of this case, viewed in the light most favorable to the non-moving party (here, Appellee George Mark Tuggle), show that Appellee made two short phone calls within a three minute period, and in each requested a meeting with Appellant Sheriff Victor Hill. In one phone call, Appellee used the term "scum," and in the other used the phrase "short lil' bastard" in reference to Appellant

Sheriff Victor Hill. The district court correctly found that no reasonable police officer could have believed that these facts established arguable probable cause to arrest the Appellee for violating Georgia's harassing phone calls statute.

Accordingly, we affirm the district court's decision that Appellants are not entitled to summary judgment on the Appellee's Fourth Amendment claims for false arrest and malicious prosecution.

AFFIRMED.